Nott, J.
I think that if I had presided at the trial cf this case, Í should have permitted the fact of Winns tenancy to have been given in'evidence. I do not think that the plaintiff ought to have been placed in a worse situation by the substitution of another defendant, if Winn were really his tenant. The question of the tenancy and title might both have been left to the jury, together. . But the question comes before the court, notv, after a verdict and after an investigation of the .whole title. And we now see that the plaintiff could have had no rightful possession. The possession which he pretended to have gained was by intrigue and directly in the face of his own deed. The granting of a new trial is a matter of discretion, and will not be allowed where the court sees that justice has been done.. And, much less, will it be done, to enable the party to effect a most palpable fraud. The plaintiff had sold the land, had received the money, made the title, and put- the party into possession. Under- a pretence of protecting a friendless *278 woman he prevailed upon her to deliver up the title to him, which he detained, and then put a person in possession to hold for himself against her. And now he says, he is my tenant and must not be allowed to dispute my title! Under these circumstances he would be considered as the agent of Mrs. Brooks, and the person in possession as her tenant. And as the defendant derived his title from the plaintiff, through Brooks, to whom he had sold, he is entitled to retain, his verdict.
Farrow for the motion.
O’JYeall contra.
The motion therefore, must be refused.